IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSANDRA HANSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-21-362-D |
| ) | |
| DOLLAR GENERAL and/or ) | (District Court of Oklahoma County, |
| DOLGENCORP, LLC, d/b/a ) | Oklahoma, Case No. CJ-2021-1364) |
| DOLLAR GENERAL #9754; *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand to State Court [Doc. No. 3], filed pursuant to 28 U.S.C. § 1447(c). Plaintiff raises both jurisdictional and procedural challenges to the removal of this case to federal court. Plaintiff alleges that complete diversity of citizenship under 28 U.S.C. § 1332 does not exist and that two procedural rules were violated – the forum-defendant rule of § 1441(b)(2) and the unanimity rule of § 1446(b)(2)(A). Defendant Dolgencorp, LLC has filed an objection [Doc. No. 9], and Plaintiff has replied [Doc. No. 10]. Thus, the Motion is fully briefed.

Defendants Dollar General and/or Dolgencorp, LLC, d/b/a Dollar General #9754 filed the Notice of Removal [Doc. No. 1] under 28 U.S.C. § 1441(a) asserting that original jurisdiction exists under § 1332(a)(1). Consistent with the procedural requirements of § 1446(a), the Notice contains a statement of the grounds for removal and attaches copies of all process and pleadings served on the removing defendants (hereafter "Defendants"). Defendants allege that Plaintiff is an individual citizen of Oklahoma who brings a claim of

negligence to recover damages in excess of $75,000 for personal injuries suffered as a patron of Defendants' store in Harrah, Oklahoma, on December 8, 2020. *See* Notice of Removal, ¶¶ 3, 5, 8. Defendants allege they are corporations that are citizens of Kentucky and Tennessee under § 1332(c)(1). *Id.* ¶¶ 6-7.

Defendants' Notice is silent regarding other defendants and the procedural history of the case. Plaintiff's operative pleading, the Amended Petition [Doc. No. 1-8], includes two individual defendants: "DEBORAH BAKER; and JOHN DOE OR JANE DOE, in their capacity as Manager of Dollar General #9754." The state-court papers attached to the Notice show that Deborah Baker was served with process before removal and that Dollar General Corporation had filed a motion to dismiss her from the case, asserting she was not the store manager on December 8, 2020. Plaintiff then amended her pleading to add a "John Doe" defendant, but she retained Baker as a defendant. In the Amended Petition, Plaintiff states on information and belief that Baker is an Oklahoma resident and the store manager and, alternatively, that the store manager on the date of her injury was an Oklahoma resident whose identity is currently unknown. *Id*. ¶¶ 3-4.

Based on the existing pleadings, Plaintiff asserts that the presence of a defendant who shares her Oklahoma citizenship destroys complete diversity. Plaintiff also asserts that Defendants violated two procedural requirements, namely, that all served defendants must join in or consent to the removal and that a diversity case cannot be removed if any defendant is a forum resident. *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(2)(A). Plaintiff requests an order remanding her case to the District Court of Oklahoma County, Oklahoma, and an award of attorney fees and costs for Defendants' improper removal.

In response to the Motion, Defendants raise for the first time a contention that Baker's presence in the case should be disregarded under the doctrine of fraudulent joinder. Defendants point to an affidavit filed in state court with the dismissal motion they filed on Baker's behalf; a claims manager for Dollar General Corporation states in the affidavit that employment records show Baker was not employed at the Harrah store on December 8, 2020.  *See* Notice of Removal, Ex. 7 [Doc. No. 1-7] at 4-5 (ECF page numbering). Defendants argue in their brief that Baker was improperly joined as a defendant and should be disregarded for the purpose of establishing diversity.  *See* Defs.' Obj. at 3-4 (quoting *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 (10th Cir. Apr. 14, 2000) (unpublished)). They also rely on § 1441(b)(1), which provides:  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded."[1]

For reasons explained *infra*, the Court finds that Defendants' removal pleading is insufficient to establish federal jurisdiction and thus remand is required. The operative pleadings show the presence of a defendant with the same citizenship as Plaintiff.[2]

---

[1] Based on this provision, the Tenth Circuit has held that the presence of a "John Doe" defendant "creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234–35 (10th Cir. 2006). However, if a plaintiff later seeks to replace a "John Doe" with a nondiverse defendant identified during discovery, remand may be required.  *See McPhail*, 529 F.3d 951-52.

[2] Because the jurisdictional issue is dispositive, the Court need not reach the procedural issues raised by Plaintiff's Motion.

**Standard of Decision**

Subject matter jurisdiction in this case allegedly arises under the removal statute, § 1441, and an original jurisdiction statute, § 1332. As the removing parties, Defendants must affirmatively establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). As a procedural matter, Defendants must comply with the statutory requirement to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). Thus, a notice of removal need only include plausible allegations that jurisdictional requirements are met. *See id.* at 89.

Where a plaintiff's pleading does not establish the amount in controversy for diversity jurisdiction, the removing party must allege in the notice of removal – and prove if the allegation is disputed – that the requirement is satisfied. *See* 28 U.S.C. § 1446(c)(2). Similarly, complete diversity of citizenship must be pleaded in the notice of removal and, if challenged, proved. *See*, *e.g.*, *Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 723 (10th Cir. 2007) (unpublished) (limited partnership's notice of removal "was defective because it failed to account for the citizenship of all its partners" but the defect could be cured because plaintiff did not dispute the jurisdictional facts).[3]   Thus, where a nondiverse

---

[3] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

4

defendant is present but alleged to be improperly joined, a claim of fraudulent joinder must be pleaded in the notice of removal. *See Wilson v. Republic Iron Steel Co.*, 257 U.S. 92, 97 (1921) (statutes in effect required fraudulent joinder to be shown by verified petition). "[F]raudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956); *Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949).

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*; *see Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (nonliability of fraudulently joined defendant must be "established with complete certainty"). In assessing a claim of fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see Smoot*, 378 F.2d at 881-82. "In general, the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (internal quotation omitted); *see Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) ("court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant").

5

**Discussion**

Upon consideration of the circumstances presented in this case, the Court finds that Defendants have failed to carry their burden to plead the existence of complete diversity of citizenship. For the first time in argument in Defendants' brief, they invoke the doctrine of fraudulent joinder under the second prong – an alleged inability of Plaintiff to establish a claim against a nondiverse party, Baker. Defendants argue that evidence outside the pleadings shows Plaintiff "has no possibility of obtaining a judgment or recovery against Baker." *See* Resp. Br. at 3 (citing *Montano*, 2000 WL 525592 at *1).

Mere presentation of argument in a legal brief that Plaintiff has no claim against Baker is ineffectual to satisfy Defendants' obligation as the removing party to plead and prove the existence of federal jurisdiction. It is well settled that a removal pleading must contain a sufficient statement of the grounds for removal so that "the opposing party may take issue, by a motion to remand, with what is alleged in the petition." *Chesapeake & Ohio Rwy. Co. v. Cockrell*, 232 U.S. 146, 151-52 (1914). Defendants' failure to assert a claim of fraudulent joinder in their pleading prevented Plaintiff from challenging it in her Motion; her only opportunity to dispute the claim comes through filing a reply brief. Further, because Defendants raised the allegations of fraudulent joinder in a belated, informal way, Plaintiff received no opportunity to conduct discovery or otherwise address Defendants' evidence.

A defect in jurisdictional allegations of a party's pleading need not be fatal to the party's federal case. Under 28 U.S.C. § 1653, a federal court is authorized to permit a party to amend its pleading to supply omitted jurisdictional facts under proper

circumstances. *See Jenkins*, 218 F. App'x at 723.[4] Here, however, Defendants have not moved for or otherwise timely requested an amendment; they have not acknowledged a defect in their Notice of Removal but effectively ignore it. The Court finds that Defendants should not be allowed to raise a new legal theory of removal – a claim of fraudulent joinder – and present new factual allegations to support removal without amending their removal pleading. Further, under the circumstances, the Court declines to act *sua sponte* to permit Defendants to amend their pleading or move for an amendment.[5]

## Award of Attorney Fees

Plaintiff requests an award of attorney fees under § 1447(c) for improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Under the circumstances of this case, the Court cannot say that Defendants lacked an objectively reasonable basis for removal.

---

[4] According to the Supreme Court, § 1653 permits amendment of "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The purpose of § 1653 is "to avoid dismissals on technical grounds." *See Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971).

[5] Defendants do not challenge Plaintiff's ability to state a negligence claim against the store manager but, instead, contend only that Plaintiff has named the wrong person. The subsequent identification of the "John Doe or Jane Doe" defendant who is alleged to be an Oklahoma citizen may require a remand of this case to state court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."); *see also McPhail*, 529 F.3d at 951 ("Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name.").

It appears that Defendants simply failed to properly raise a potential claim of fraudulent joinder in their Notice of Removal. Therefore, attorney fees should be denied.

## Conclusion

For these reasons, the Court finds that Defendant Baker cannot be disregarded, that complete diversity of citizenship is lacking, and that subject matter jurisdiction does not exist. Therefore, the case must be remanded pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand to State Court [Doc. No. 3] is **GRANTED**. This case is **REMANDED** to the District Court of Oklahoma County, Oklahoma.

**IT IS SO ORDERED** this 20th day of May, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge